**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

JOAQUINA VELEZ
      PLAINTIFF

V.

CAPITOL TRANSPORTATION
      DEFENDANT               MAY 11, 2015

## PLAINTIFF'S TRIAL MEMORANDUM

Pursuant to instructions from the court, Plaintiff files this trial memorandum nunc pro tunc.

Counsel for the Defendant Capitol Transportation objects to this filing and thus has not participated in

the drafting of this trial memorandum.

1. **Trial Counsel**

**Plaintiff**
Josephine Smalls Miller
Federal Bar # ct27039
152 Deer Hill Avenue, Suite 302
Danbury, CT   06810
Tel:  (203) 512-2795
Fax: (203) 702-5188
Email:  jmillerlaw@sbcglobal.net

**Defendant**
Margaret Ratigan
Murphy, Laudati, Kiel, Butler & Ratigan, LLC
10 Talcott Notch Road, Suite 210
West Hartford, CT   06032

2.     **Jurisdiction**
    Plaintiff contends that this court's jurisdiction is invoked under the provisions of Sections

1331, 1343(3), 1367(a) and 2201(a) of Title 28 and 1983 of Title 42 of the United States Code.

3.     **Jury trial**
    The plaintiff has requested a jury trial.

**4.      Nature of the Case**

Plaintiff has brought this case under the Age Discrimination in Employment Act and is seeking

damages.

**Claims**

The Plaintiff claims, in three counts, that the Defendant discriminated against her under the

ADEA when they (a) laid her off allegedly for lack of work; (b) refused to train her for dispatch duties,

and (c ) refused to recall her from layoff.

**Defenses**

In their answer the Defendant denies all substantive allegations of the complaint but provides

no affirmative defenses.

**5.      Stipulations of Fact and Law**

1. Plaintiff began employment with the defendant Capitol Transportation on May 28, 2010 as

a Customer Service Representative.

2. Prior to her employment by Capitol Transportation, Plaintiff had been employed by

Logisticare, a bus transportation company that was purchased by Capitol Transportation

3. On July 12, 2010 Plaintiff was informed that she was laid off due to lack of work.

**6.      Legal Issues**

1.      Whether the defendant discriminated against the plaintiff because of her age in laying her off

allegedly due to lack of work on July 12, 2010?

2.      Whether the defendant discriminated against the plaintiff because of her age when they refused

to provide her with dispatch training while allowing such training to younger employees?

3.      Whether the defendant discriminated against Plaintiff because of her age when they refused to

consider Plaintiff for recall from layoff when younger employees were selected to fill positions that

Plaintiff could have filled?

**7.      Proposed Voir Dire Questions**

Attached

**8.       List of Witnesses**

   **Plaintiff**

1.      Plaintiff, **Joaquina Velez**, will testify regarding the experience gained while employed with Logisticare, the predecessor bus transportation company purchased by defendant Capitol Transportation; she will testify regarding the multiple job duties and responsibilities that she gained; she will testify regarding her transition to working for Capitol Transportation; she will testify regarding the circumstances of her lay off for alleged lack of work; she will testify regarding her knowledge of recalls from lay off made by defendant and their failure to recall her..

2.      **Fred  Till**, Capitol Transportation Supervisor may be called to testify regarding his role in the decision to layoff  Plaintiff for alleged lack of work, and the circumstances of the alleged lack of work.

3.      **Maribel Diaz**, may be called to testify regarding her work experience with Logisticare and Capitol Transportation, her knowledge of the work performed by Plaintiff, her knowledge of the work performed, layoff and recall from layoff of employees after July 12, 2010.

4.      **Nelly Diaz** may be called to testify regarding her work experience with Logisticare and Capitol Transportation, her knowledge of the work performed by Plaintiff, her knowledge of the work performed, layoff and recall from layoff of employees after July 12, 2010.

5.      **Connie Messanger** may be called to testify regarding her work experience with Logisticare and Capitol Transportation, her knowledge of the work performed by Plaintiff, her knowledge of the work performed, layoff and recall from layoff of employees after July 12, 2010.

 Plaintiff reserves the right to call additional witnesses at the time of trial.

   **Defendant Witnesses**

**9.**     **Exhibits**

**Plaintiff's Exhibits**

Exhibit 1          Plaintiff's 2008 Income Tax Return

Exhibit 2          Plaintiff's 2009 Income Tax Return

Exhibit 3          Plaintiff's 2010 Income Tax Return

Exhibit 4          Plaintiff's 2011 Income Tax Return

Exhibit 5          Statement of Unemployment Compensation Earnings

Exhibit 6          Unreimbursed Medical Expenses


        Plaintiff reserves the right to supplement its Exhibit list and produce additional documents at

the time of trial.


**Defendant's Exhibits**

**10.**     **Deposition Testimony**

        None anticipated.

**11.**     **Request for Jury Instructions**

        Attached

**12.**     **Anticipated Evidentiary Problems/ Motions in Limine**

        Plaintiff does not anticipate any evidentiary problems at this time.

**13.**     **Proposed Findings and Conclusions**

        N/A

**14.**     **Trial Time**

        The plaintiff would estimate 1 day to present her case in chief.

14.     **Further Proceedings**

None anticipated.

15.     **Election for Trial by Magistrate Judge**

Plaintiff does not agree to have this case tried by a Magistrate.

16.     **Statement to the Jury Panel**

Plaintiff requests permission to give an opening statement to the jury. In the alternative, the following may be submitted:

The plaintiff in this case was a Customer Service Representative with the defendant Capitol Transportation, a school bus transportation company. On July 12, 2010 Plaintiff was laid off allegedly due to lack of work.  She alleges that she was laid off due to her age and that the reasons for her selectin was pretextual.  She further alleges that she was discriminated against when the defendant chose to train younger customer service representatives to perform dispatch work when she was not. Finally, Plaintiff alleges that she was not recalled from lay off when work became available because of her age. The alleged conduct violates the Age Discrimination in Employment Act.

> THE PLAINTIFF
> BY:  */S/Josephine S. Miller*
> Josephine S. Miller, FED BAR # ct27039
> 152 Deer Hill Avenue, Suite 302
> Danbury, CT   06810
> Tel:  (203) 512-2795
> Fax:  (203) 702-5188
> Email:  jmillerlaw@sbcglobal.net

**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

JOAQUINA VELEZ
      PLAINTIFF

V.

CAPITOL TRANSPORTATION
      DEFENDANT

## PLAINTIFF'S PROPOSED VOIR DIRE QUESTIONS

1. This is a lawsuit is brought by a former employee of Capitol Transportation who claims that she was discriminated against based upon her age. Do you have any reason why you would have difficulty being completely neutral and fair in deciding this case if you are chosen to serve on the jury?

2. Do you know any of the: (a) lawyers or law firms involved in this case; (b) the witnesses; or (c) the parties?

3. As jurors, the Court will instruct you about the law that applies to this case. Can you apply the law, not as you believe it should be or would want it to be, but only as instructed by the Court, even if you personally disagree?

4. Have you, or has any member of your family, a friend or any close associates, to your knowledge, ever been employed by Capitol Transportation or Logisticare? If so, please state who was employed by them, describe the position held and state when the position was held.

5. If you are employed, please state:

      a. The name of your employer;

      b. Your job title; and

      c. Time you have been employed with current employer.

6. If you have a spouse who is employed, please state:

      a. The name of your spouse's employer;

b. Your spouse's job title; and

c. Your spouse's time with current employer.

7. Have you, or has any member of your family, a friend, or any close associate, had any experience with any officer or employee of Capitol Transportation/:Logisticare the knowledge of which would prevent you from considering the evidence impartially and fairly?

8. Have you, or has any member of your family, a friend, or any close associate, had any experience with any person who has claimed to be injured by an age discriminatory practice the knowledge of which would prevent you from considering the evidence impartially and fairly?

9. Have you, or has any member of your family, a friend, or any close associate, had any experience with any person who has claimed to be injured by a retaliatory action the knowledge of which would prevent you from considering the evidence impartially and fairly?

10. Many of the witnesses in this case are employed by Capitol Transportation/Logisticare. Have you, or has any member of your family, a friend, or any close associate had a personal experience with a member or members of this company such that it would make it difficult to consider their testimony impartially and fairly?

11. Have you, or has any member of your family, a friend, or a close associate ever been involved in what you consider to be a negative or unpleasant experience with Capitol Transportation/Logisticare or any employee? If so, please explain.

12. Have you, or has any member of your family, a friend, or a close associate ever been involved in what you consider to be a negative or unpleasant experience regarding a working or personal relationship with one or more persons of a different race under circumstances such that the racial difference contributed to such negative or unpleasant experience? If so, please explain.

13. Have you ever held a position entailing supervisory responsibility including the right to hire, promote, fire, discharge, discipline and/or reprimand employees?

14. Have you, or has any member of your family, a friend or close associate, to your knowledge, ever brought suit against Capitol Transportation/Logisticare?

15. This case involves allegations of discrimination based upon age. Have you or, to your knowledge, has any member of your family, a friend or close associate had any personal experience that would make it difficult for you to consider such claims impartially and fairly with respect to all parties?

16. Do you have any opinion about lawsuits involving claims of age discrimination generally, or employment discrimination in particular? If so, please explain.

17. Do you have any opinion about lawsuits involving claims of employment discrimination in particular? If so, please explain.

18. Have you, or has any member of your family, a friend, or a close associate ever filed a complaint or lawsuit against your employer or been involved, as a party or a witness testifying, in a lawsuit or other hearing against an employer? If the answer to the foregoing question is yes, what were the nature and circumstances of the complaint?

19. Have you, or has any member of your family, a friend, or a close associate ever testified in a lawsuit or other hearing against your employer or against one or more coworkers?

20. To your knowledge, have you or has any member of your family, a friend, or a close associate ever been treated unfairly by your/his/her employer because of age, race, national origin, color, gender, or any other reason? If so, would the knowledge of that event prevent you from judging the evidence in this case on a fair and impartial basis? Please explain in detail.

21. This case involves allegations that the defendant Capitol Transportation/Logisticare violated the plaintiff's civil rights. Have you or has any member of your family, a friend, or a close associate ever been involved in any legal matter involving an alleged violation of civil rights?

22. Do you have any opinion, either favorable or unfavorable, about lawsuits alleging a violation of civil rights that might affect how you would consider the evidence in this case or might influence your ability to be fair and impartial in this case?

23. Have you or has any member of your family or a close associate ever:

      a. Been a plaintiff or defendant in a lawsuit?

      b. Been a witness in a lawsuit?

      c. Belonged to any civil rights or civil justice organization?

If your answer is yes to either of these questions, please provide details and state whether you believe such experiences will prevent you from judging this case based on the evidence and as this Judge has instructed you?

24. Do you have any opinion or feelings, positive or negative, regarding parties who come to court and sue for money damages?

25. Do you have any opinion or feelings, positive or negative, regarding lawsuits or other claims brought on the basis of alleged racial discrimination? If so, explain in detail.

26. Have you ever served on a jury before? If the answer is yes, please state when and what type of case?

27. Have any of you ever been a member of a union? If so, which one? If so, did your experiences affect your perception of relations between labor and management in such a way that it might be difficult for you to judge this case fairly and impartially?

28. Have you or has any member of your family, a friend, or a close associate ever held a union office such as union steward or treasurer, vice president, president or secretary?

29. Have you or has any member of your family, a friend, or a close associate ever been assigned to a human resources or personnel department of an employer and dealt with responding to union grievances or discrimination claims?

30. Have you or has any member of your family, a friend, or a close associate ever represented a union member in a grievance or arbitration? Did the matter involve discrimination?

31. Have you or has any member of your family, a friend, or a close associate ever filed discrimination claims against your employer? If so, on what basis? To what resolution? How long ago?

32. Is there anything that you've heard about this case that indicates to you that you cannot judge this case fairly and on the evidence presented and as instructed by the Judge?

**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

JOAQUINA VELEZ
        PLAINTIFF

V.

CAPITOL TRANSPORTATION
        DEFENDANT                                MAY 11, 2015

**PLAINTIFF'S PROPOSED JURY INSTRUCTIONS**

Good [morning/afternoon], ladies and gentlemen. I will now instruct you concerning the law

that is applicable to the facts in the case you have heard and your duty as you enter upon your

deliberations.

**TABLE OF CONTENTS**

INTRODUCTION

PART I: GENERAL PRINCIPLES

        A. FINDING THE FACTS

        B. RULES OF LAW

        C. BENCH CONFERENCES AND OBJECTIONS

        D. DIRECT AND CIRCUMSTANTIAL EVIDENCE

        E. WITNESSES

        F. STANDARD OF PROOF


PART II: THE ISSUES AND CLAIMS IN THIS CASE

        A. DISCRIMINATORY EMPLOYMENT PRACTICE UNDER ADEA

                1. Elements of "Prima Facie" Case

2. Qualification for Position Held/Minimal Satisfactory Performance

3. Materially Adverse Employment Actions

4. Inference of Discrimination

    a. Disparate Treatment Theory

    b. Pretext Theory

    PART III: PLAINTIFF'S DAMAGES

A. DAMAGES UNDER ADEA


PART IV: CONCLUDING REMARKS

A. NOTE TAKING

B. UNANIMOUS VERDICT

    C. ADDITIONAL INSTRUCTIONS

**I. General Principles**

**A. Finding the Facts**

As in all cases, you, the jury, and I, the Court, have separate functions. It is my duty to state the law as it pertains to this case, and it is your duty to find the facts. You are the sole judges of what the facts are. You decide the weight of the evidence; you determine the credibility of the witnesses; you resolve such conflicts as there may be in the testimony; and you draw whatever reasonable conclusions you decide to draw from the facts as you have determined them.

In determining the facts, you must rely upon your own recollection of the evidence. What the lawyers have said in their closing arguments and in their objections is not evidence. Questions asked by lawyers are not evidence. It is a witness' answer that constitutes the evidence. Evidence also does not include anything I have said during the trial or may say during these instructions with respect to a factual matter.

The evidence in the case consists of the sworn testimony of the witnesses, regardless of who produced them, and the physical exhibits relied upon or attested to by those witnesses. The evidence also includes any reasonable conclusions that may be drawn from the testimony and exhibits. When drawing these conclusions, you should use your common sense. Your conclusions must be drawn from the facts that have been established at trial and must be logical and reasonable. Your conclusions must not be the result of a guess or speculation about the evidence. Later, I will tell you more about the different types of evidence and conclusions you may draw from such evidence.

Although the witnesses' answers are evidence, you may not consider any answer that I directed you to disregard or that I directed to be stricken from the record. Such disregarded or stricken answers should be treated as though you never heard them. Likewise, you should disregard any evidence to which an objection was sustained.

Since you are the sole and exclusive judges of the facts, I will not indicate any opinion as to the facts or as to what your verdict should be. You should not use the rulings I made during the trial as indicators of my views concerning the proper outcome of the trial, nor should you infer that I have such an opinion from anything I have said.

As to the facts, ladies and gentlemen, you are the exclusive judges. You must perform the duty of finding the facts without bias or prejudice to any party. You are to perform your duty with an attitude of complete fairness and impartiality. It would be improper for you to consider any personal feelings you may have about any parties' race, religion, national origin, sex, or age. Remember, your verdict must be based exclusively upon the evidence or lack of evidence in the case.

**B. Rules of Law**

Insofar as I state the law to you, what I say is binding upon you, and it is your duty to follow my instructions and apply the law to the facts as you find them. You may not single out one instruction of the Court alone as stating the law. You must consider these instructions as a whole.

If, by chance, you have a different idea of what the law is or what you believe it should be, you must disregard your own notion and conscientiously apply the law as I state it to you. It would be a violation of your sworn duty to base a verdict upon any view of the law other than that stated in the instructions of this Court.

In addition, if the law as I give it to you differs in any way from the claims made by counsel in argument, then you shall disregard any of counsel's contrary statements about the law and apply the law as I state it to you.

### C. Bench Conferences and Objections

During the course of this trial there have been occasions for the attorneys to confer with me out of your hearing. In the interest of justice and in order to expedite a trial, it is perfectly proper that such conferences be held here at the bench. This serves to avoid the inconvenience of having you, the jury, file out and back in again. It also serves to prevent the jury from being excused on technical legal matters. In such situations, you should not feel slighted. You are not to guess or predict what may have been discussed between the attorneys and myself up here at the bench. Furthermore, you should not form any judgments regarding the attorney who requested the bench conference or regarding the party represented by that attorney.

There are rules that control what evidence is admitted into the record of a case. Testimony or exhibits are admitted into evidence when they are offered by a party in the course of the trial and either no objection is raised or, if an objection is raised, it is overruled. Objections are the procedure by which a judge is requested by a lawyer to decide if the Rules of Evidence permit a particular exhibit or testimony to be admitted into evidence. If the judge rules that the testimony or exhibit may not be admitted – that is, if the objection is sustained – then that testimony or exhibit is not admitted into evidence, or is stricken from the record and may not be considered by the jury. Rules on admissibility are intended to present to the jury the most trustworthy, reliable and the highest quality evidence. It is

the duty of every attorney to object when another attorney offers evidence that the objecting attorney believes is not properly admissible. You should not show prejudice against any attorney or his client because that attorney has made objections.

If the Court decides to permit the introduction of evidence over the objection of an attorney – that is, if the objection is overruled – this does not, unless expressly stated, indicate any opinion on my part as to the weight or effect of such evidence. It merely means that you will be permitted to consider the evidence objected to, but you should not give that evidence any more or less value than evidence to which no objection has been raised. As stated before, you are the sole judges of the credibility of all witnesses and the weight and effect of all evidence.

### D. Direct and Circumstantial Evidence

There are two types of evidence that you may properly rely upon in reaching your verdict in this case.

One type of evidence is called direct evidence. Direct evidence is evidence presented by a witness who testified as to what that witness saw, heard, or observed. In other words, when a witness testifies about what is known to that witness by virtue of the witness's own senses – what the witness saw, felt, touched or heard – that is called direct evidence.

Circumstantial evidence is evidence that tends to prove a disputed fact by proof of other facts. When we employ circumstantial evidence to reach a conclusion, we often say that we "infer" one fact from another or that we "draw an inference." There is a simple example of circumstantial evidence that is often used in the courthouse. Assume that when you came into the courthouse this morning the sun was shining and it was a nice day. Assume that the courtroom blinds were drawn and you could not look outside. As you were sitting here, someone walked in with an umbrella that was dripping wet. Somebody else then walked in with a raincoat that was also dripping wet. Now, you cannot look outside the courtroom, and you cannot see whether or not it is raining. So you have no direct evidence of that

fact. But, on the combination of facts that I have asked you to assume, it would be reasonable and logical for you to conclude that it had been raining. In other words, the fact of rain is an inference that can be drawn from the wet umbrella and raincoat.

That is the essence of circumstantial evidence. You take an established fact and conclude, on the basis of reason, experience, and common sense, that another fact exists or does not exist.

In this case specifically, you will be required to determine whether plaintiff's age was a motivating factor of conduct by the defendants that plaintiff claims was discriminatory in character. Later, I will give you further instructions regarding the evaluation of circumstantial evidence as it applies to the claims made by the plaintiff.

Circumstantial evidence is of no less value than direct evidence. It is a general rule that the law makes no distinction between direct and circumstantial evidence. In deciding whether to draw an inference, you must look at and consider all the facts in light of reason, common sense, and experience. After you have done that, the question whether to draw a particular inference is for you, the jury, to decide.

### E. Witnesses

The credibility of the witnesses who testified in this case and the weight to be accorded to their testimony will be determined entirely by you.

No fact may be determined merely by the number of witnesses before you or the volume of the evidence. You are interested primarily in the quality of the testimony and evidence offered and not in its quantity. No statement of fact must be taken as true simply because it was stated to be true. It is part of your task to exercise your powers of judgment and sense of observation, in the light of all the testimony presented, to determine whether you consider any particular testimony to be credible or trustworthy.

There is no magic formula by which one may evaluate testimony. You bring with you to this courtroom all of the experience and background of your lives. In your everyday affairs, you determine for yourselves the reliability or unreliability of statements made to you by others. The same tests that you use in your everyday dealings are the tests you should apply in your deliberation as jurors.

You should carefully scrutinize all the testimony, the circumstances under which each witness has testified, and every matter in evidence that tends to show whether a witness's testimony is worthy of belief. Consider your estimation of each witness's sincerity, judgment, motive, state of mind and demeanor while on the stand. Consider the witness's ability to observe the matters as to which the witness has testified, and whether the witness impresses you as having an accurate recollection of these matters. Consider also any possible bias that the witness might have, either for or against the plaintiff or for or against one of the defendants; the manner in which each witness might be affected by the verdict; and the extent to which, if at all, each witness is either supported or contradicted by other evidence in the case. In short, you should test the evidence by your own knowledge of human nature and the motives that influence and control human beings.

In deciding whether or not to believe a witness, keep in mind that people sometimes forget things. Inconsistencies or discrepancies in the testimony of a witness, or between the testimony of one witness and others, may or may not cause you to discredit such testimony. Two or more persons witnessing an incident may see or hear it differently. You need to consider, therefore, whether a contradiction is an innocent lapse of memory, a difference of perception or an intentional falsehood, and that may depend on whether it involves an important fact or only a small detail.

Where a witness testifies inaccurately and you do not think that the inaccuracy was consciously dishonest, you should bear that in mind when scrutinizing the whole testimony of that witness. If, however, you conclude that a witness has not only testified falsely but has done so intentionally, this fact casts a very serious doubt on all of that witness's testimony, and you may conclude that you cannot accept any of it.

The significance you attach to an inaccuracy may vary due to the particular fact at issue or the surrounding circumstances that, in your mind, should have impressed it upon the memory of the witness and caused a correct retention of it to be made.

A witness may be discredited (or "impeached") by contradictory evidence, by showing that the witness testified falsely concerning a material matter, or by evidence that at some other time the witness has said or done something or has failed to say or do something that is inconsistent with the witness's present testimony. If you believe that any witness has been discredited or impeached, then it is your exclusive province to give the testimony of that witness such credibility or weight, if any, as you think it deserves.

You are not required to accept testimony – even if the testimony is uncontradicted and the witness is not impeached. You may decide, due to the witness's bearing and demeanor, or due to the inherent improbability of the witness's testimony, or for other reasons sufficient to you, that such testimony is not worthy of belief. On the other hand, the testimony of a single witness may be sufficient to convince you of the existence of an essential element or elements of the claim made.

**F. Standard of Proof**

In civil actions, such as this one, the plaintiff bears the burden of proving each essential element of his claims by a "preponderance of the evidence." This is a legal term that has particular meaning. The burden of proof differs in civil cases from the burden of proof in criminal cases. In criminal cases, the burden of proof is proof beyond a reasonable doubt. That is not the standard here. In civil cases, the burden of proof is proof by a preponderance of the evidence. It is a less demanding standard of proof than that which is required when the government is acting as the prosecutor and a defendant is in jeopardy of losing life, freedom or property.

To prove by a preponderance of the evidence means to prove that something is more likely true than not true. If one side proves a fact by a preponderance of the evidence that means the evidence it

has presented has more convincing force than the opposing evidence and produces in your minds a belief that what is sought to be proved is more likely true than not true.

It might be helpful to imagine a pair of scales in equal balance. Imagine that you can put the plaintiff's evidence on one side of the scale and the defendant's evidence on the other side of the scale. If the scales tip ever so slightly in favor of the plaintiff, then his evidence preponderates, and he has sustained his burden of proof. If the scales tip the other way, ever so slightly in favor of the defendant, then, the plaintiff has not sustained his burden of proof. Should you feel that the scales are evenly balanced, that neither party's evidence outweighs the other, then the plaintiff has failed to meet his burden of proving his case by a preponderance of the evidence and the defendant must prevail.

I will now discuss with you the elements of the plaintiff's claims in his complaint.

## II. ISSUES AND CLAIMS IN THIS CASE

## A. DISCRIMINATORY EMPLOYMENT PRACTICE UNDER ADEA

Plaintiff's claim is brought against Capitol Transportation, and is based upon a federal statute known as ADEA. One of the purposes of ADEA is to prohibit discrimination in the work place on the basis of race, color, sex, religion or national origin. The statute prohibits public and private employers from refusing to hire, discharging from employment, or discriminating against individuals on the basis of these categorical distinctions.

Pertinent to this case, ADEA makes it illegal for an employer to subject an employee to one or more materially adverse employment actions based on age. Although this claim is brought solely against the agency employer, and not against individuals, supervisory individuals may be characterized as agents of the employer for purposes of holding the employer liable for the discriminatory practices at issue in this case. Management personnel may be regarded as acting on behalf of the defendant in circumstances that I will explain in more detail.

### 1. Elements of a "Prima Facie" Case

Plaintiff has claimed that the defendant Capitol Transportation subjected him to three materially adverse employment actions and that these actions were motivated by racial discrimination. To prevail on a racially discriminatory employment practice claim, plaintiff must initially prove (1) that he is a member of a protected class. I am instructing you that, as a matter of law, plaintiff White meets that threshold qualification and this element of his claim is not disputed.

As a member of a protected class, plaintiff must also prove the following additional elements by a preponderance of the evidence:

(2) That he was qualified for the position he held and was performing his duties satisfactorily.

(3) That he suffered one or more materially adverse employment actions; and

(4) That such actions occurred under circumstances giving rise to an inference of discrimination.

Provided that plaintiff meets her burden of proving these three elements, actions taken by employees of Capitol with real or apparent managerial or supervisory authority may be attributable to the defendant.

If plaintiff successfully proves to you the three elements just described, by a preponderance of the evidence, he is said to have presented a "*prima facie*" case. This means he has presented enough evidence to create a rebuttable presumption that he was the subject of a discriminatory employment practice *and*, unless the employer contradicts that presumption by presenting sufficient, credible evidence that its actions were motivated by non-discriminatory reasons, you *must* find in favor of the plaintiff. If the defendant is able to prove by a preponderance of credible evidence that it had non-discriminatory reasons for the actions taken, then the burden shifts back to the plaintiff to prove that the defendant intentionally discriminated against him. The plaintiff may satisfy this burden by showing that the non-discriminatory reason offered by the defendant was not the defendant's true reason for the actions taken but was merely a pretext.

*Reeves v. Sanderson Plumbing Products, Inc.*, 530 U.S. 133, 146-149 (2000); *St. Mary's Honor Ctr. v. Hicks*, 509 U.S. 502-506-511 (1993); *Texas Dept. of Community Affairs v. Burdine*, 450 U.S. 248-253-56 (1981); *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973).

I previously discussed with you the difference between direct and circumstantial evidence. In this case specifically, you will be required to determine whether plaintiff's age was a motivating factor of conduct by the defendants that plaintiff claims was discriminatory in character. Because an employer who discriminates is unlikely to leave a "smoking gun" attesting to discriminatory intent, a victim of discrimination is seldom able to prove his or his claim by direct evidence, and is usually constrained to rely on circumstantial evidence. *Chambers v. TRM Copy Centers Corp.*, 43 F.3d 29, 37 (2d. Cir. 1994).

Evaluating circumstantial evidence of discriminatory intent will require you to make a decision about the state of mind of persons who were the decision-makers regarding employment actions that affected the plaintiff. In the absence of such a decision-maker's personal statement regarding his or his state of mind, such state of mind cannot be proven by direct evidence. You cannot look into a person's mind to see what his or his state of mind was. But a wise and intelligent consideration of all the facts and circumstances shown by the evidence will enable you to infer with a reasonable degree of accuracy the extent of these individuals' knowledge and the motives behind actions taken.

**2. Qualification for Position Held/Minimal Satisfactory Performance**

Where, as in this case, the employer has hired the plaintiff employee and the plaintiff has held the position for some period of time, the jury may, although you are not required to, infer that the plaintiff possessed at least the minimal qualifications for her job as a Customer Service Representative. *Gregory v. Daly*, 243 F.3d 687 (2d. Cir. 2001).

With respect to showing a level of performance sufficient to require the defendant employer to provide a non-discriminatory reason for any adverse employment action, plaintiff is not required to

show exceptional or even average performance. He need only persuade you that his basic skills were adequate for the performance of his job and that his performance of the essential requirements of his job conformed to at least a minimally acceptable standard. *Owens v. New York City Housing Authority*, 934 F.2d 405, 409 (2d. Cir. 1991).

### 3. Materially Adverse Employment Actions

It is undisputed that by letter dated August 7, 2006 plaintiff informed that his employment would be terminated effective August 21, 2006.

As a general matter,

> An adverse employment action is a materially adverse change in the terms and conditions of employment … To be "materially adverse,' a change in working conditions must be more disruptive than a mere inconvenience or an alteration of job responsibilities."… Such a change "might be indicated by a termination of employment, a demotion evidenced by a decrease in wage or salary, a less distinguished title, a material loss of benefits, significantly diminished material responsibilities, or other indices … unique to a particular situation."

*Weeks v. New York State Div. of Parole*, 273 F.3d 76, 85 (2d Cir. 2001), *abrogated on other grounds* by *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 108-114 (2002).

It is undisputed that plaintiff's termination from employment by Capitol as of July 12, 2010, was a materially adverse employment action and plaintiff has no burden of proof as to that fact.

### 4. Inference of Discrimination

a. Disparate Treatment Theory

One way in which the plaintiff may prove the required element of discriminatory intent on the part of the defendant is to present evidence to the effect that he was treated less favorably than one or more similarly situated employees who were not members of the same protected class. A showing of

disparate treatment "is a recognized method of raising an inference of discrimination for purposes of making out a *prima facie* case." *Mandell v. City of Suffolk*, 316 F.3d 368, 379 (2d Cir. 2003).

Evidence that even one similarly situated employee who was not a member of plaintiff's protected group received treatment more favorable than the plaintiff may be sufficient to raise the inference of discriminatory intent. *McGuiness v. Lincoln Hall*, 263 F.3d 49, 54-55 (2d Cir. 2001); *Graham v. Long Island R.R.*, 230 F.3d 34, 42 (2d Cir. 2000).

The question whether plaintiff and a non-African American employee were otherwise similarly situated is a question of fact for the jury. To be "similarly situated," any employee with whom the plaintiff compares his employment experience does not have to be in an identical situation in all respects, but "similarly situated in all material respects." *McGuiness*, 263 F.3d 54-55.

It is a part of your function as the jury to determine whether this evidence convinces you to a preponderance of the evidence that:

• these other employees were similarly situated to the plaintiff;

• any malperformance or violation of company policy on their part was at least as serious as that of plaintiff; and

• they were in fact treated in a more favorable manner than plaintiff.

b. Pretext Theory

If the plaintiff has met her burden of proving to you, by a preponderance of the evidence, that she was qualified for the job she held and performed that job in at least a minimally satisfactory manner, that she suffered one or more materially adverse employment actions imposed on her by the defendant Capitol Transportation and that the disparate treatment of others gives rise to an inference of discriminatory intent on the part of the defendant, then she has prevailed in her effort to present a *prima facie* case of a discriminatory employment practice that violates ADEA.

Defendant, however, may nevertheless rebut the presumption of discrimination if it has presented sufficient credible evidence to convince you to a preponderance that it had real and sufficient

non-discriminatory reasons for the actions taken and that such actions were not motivated by age discrimination.

PART III: PLAINTIFF'S DAMAGES

    A. DAMAGES UNDER ADEA

I will now turn to the proper assessment of damages on the ADEA claim, should you determine to award them. The fact that I am instructing you to as to the proper measure of damages should not be considered as suggesting any view of mine as to which party is entitled to your verdict in this case. Instructions as to the measure of damages are given for your guidance and should only be considered in the event you find in favor of plaintiff White in accordance with the other instructions that I have given you.

If you find that the defendant subjected the plaintiff to one or more discriminatory employment practice, then you must determine the amount of damages that she has proved that she sustained as a result of that discrimination. You should bear in mind that the plaintiff has the burden of proving both that she was damaged *and* the extent of her damages.

This kind of damages is known as compensatory damages and is to be assessed in an amount that would put the plaintiff in the same place she would have been, absent the defendants' discriminatory conduct. In this case, compensatory damages may include such economic measurements as lost wages (or "back pay") and lost employment benefits. To the extent you may consider these items, plaintiff not only has a duty to present evidence regarding what her wages and benefits would have been from the time of her termination to the date of judgment, but also to demonstrate to you that she has made reasonable efforts to mitigate those damages by seeking other suitable employment.

If you choose to award compensatory economic damages, they should be measured by the full amount of compensation plaintiff would have earned in this period of time from his employment at the Capitol *less* the amount of any compensation she actually has received or could reasonably have received.

Non-economic damages are meant to cover emotional pain and suffering, inconvenience, mental anguish, loss of enjoyment of life and other similar intangible losses. No evidence of the precise monetary value of such intangible injuries is available or needs to be introduced into evidence. There is no exact standard for fixing the compensation to be awarded for these elements of damage. Even though it is difficult to establish a standard of measurement for these damages, that difficulty does not justify denying the plaintiff a fair and just recovery. The award you make should be fair and equitable in light of the evidence presented and from an impartial point of view. Adapted from *Standing Orders, Jury Instructions – Title VII Discrimination*, Magistrate Judge John M. Facciola, U.S.D.C., District of Columbia.

If you return a verdict for plaintiff White, you must award her such sum of money as you believe will fairly and justly compensate her for any injury you believe she actually sustained as a direct result of the conduct of the defendant. If you find that the defendant caused her injury, you must remember, in calculating the damages, that she is entitled to be compensated only once for injuries she actually suffered. Adapted from 4 L. Sand, et al., *Modern Federal Jury Instructions*, Instruction 87-91 (April 1996).

If you find that the defendant is liable to plaintiff for having engaged in a discriminatory employment practice, but find that her intangible, non-economic damages have little or no monetary value, you may award that component of compensatory damages in a nominal amount of $1.00 or some other comparable figure.

If you find that plaintiff is entitled to damages for losses that will occur in the future, you will have to reduce that amount, whatever it may be, to its present worth. The reason for this is that a sum

of money that is received today is worth more than the same money paid out in installments over a period of time, since a lump sum today, such as any amount you might award in your verdict, can be invested and earn interest in the years ahead.

PART IV: CONCLUDING REMARKS

In order to return a verdict, it is necessary that each juror agree to it. Your decision, in other words, must be unanimous. Consistent with that duty as jurors, you are to consult one another and deliberate with a view to reaching an agreement, if you can do so without violating your individual judgment. Each of you must decide the case for yourself. You should not surrender your honest conviction as to the weight and effect of the evidence solely because of the opinion of your fellow jurors, or for the mere purpose of returning a verdict.

You must keep in mind that you are not partisans. You are the sole judges of the facts. Your sole interest is to ascertain the truth from the evidence in the case.

In your deliberations, determine the facts on the basis of the evidence as you have heard it and apply the law as I have outlined it to you.

When you retire to the jury room, you will elect one of your members as a foreperson, and he or he will preside over your deliberations and will be your spokesperson here in court. You will be given a form that sets out the questions you must answer and the order in which I suggest that you decide matters. Please do not begin your deliberations until you have the exhibits from the case with you in the jury room.

If you have a question, or wish certain testimony to be read back to you, kindly have the foreperson write out the question or request and hand it to the marshal. The marshal will deliver it to me, and I shall attempt to answer as soon as possible. Render your decisions fairly, uprightly and without prejudice. When you have reached your decision, please inform the marshal, who will be

outside the door of your room. Then you will return to the courtroom and announce your verdict. You may now retire to the jury room.

**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

JOAQUINA VELEZ
        PLAINTIFF

V.

CAPITOL TRANSPORTATION
        DEFENDANT                              MAY 11, 2015


**PLAINTIFF'S PROPOSED VERDICT FORM**

**I.      LIABILITY ISSUES**

      **A.      As to plaintiff's claim against the defendant Capitol Transportation, under ADEA, that She was subjected to one or more discriminatory employment practice based on AGE.**

Do you the jury find:
    (**1**) That plaintiff has proved by a preponderance of the evidence that she was qualified for the position that she held as an employee of Capitol?
If "Yes" _____, proceed to Question 2.
If "No" _____, proceed no further and report your finding on this claim in favor of defendant.
    (**2**) That plaintiff has proved by a preponderance of the evidence that she performed the essential functions of her job in a manner that was at least minimally satisfactory?
If "Yes" _____, proceed to Question 3.
If "No" _____, proceed no further and report your finding on this claim in favor of defendant.
    (**3**) That plaintiff has proved by a preponderance of the evidence that her termination on July 12, 201 constituted a materially adverse employment action?
If "Yes" _____, proceed to Question 4.
If "No" _____, proceed no further and report your finding on this claim in favor of defendant.

    (**4**) That plaintiff has proved by a preponderance of the evidence that she suffered the materially adverse employment action under circumstances that give rise to an inference of unlawful discrimination?
If "Yes" _____, proceed to Question 5.
If "No" _____, proceed no further and report your finding on this claim in favor of defendant.

    (**5**) That plaintiff has proved by a preponderance of the evidence that she suffered the materially adverse employment action under circumstances that give rise to an inference that

non-discriminatory reasons offered by the defendant for the actions taken, if any, were pretextual in nature for the purpose of concealing unlawful discrimination?

If "Yes" _____, proceed to Question 6.

If "No" _____, proceed no further and report your finding on this claim in favor of defendant.

**(6)** That plaintiff has proved by a preponderance of the evidence that he suffered the materially adverse employment action under circumstances that give rise to an inference of retaliation?

If "Yes" _____, proceed to Question 7.

If "No" _____, proceed no further and report your finding on this claim in favor of defendant.

> **NOTE: If you answered "YES" to: ALL of Questions 1 through 5, proceed to Part II - Damages.**
>
> **If you answered "YES" to: ALL of Questions 1 through 3 and 6, proceed to Part II - Damages.**
>
> **If you answered "NO" to: ANY of Questions 1 through 6, you have found for the defendant. Proceed no further.**

## II. DAMAGES ISSUES

**Answer the questions in this Part II only if, in Part I - Liability, you found for the plaintiff Joaquina Velez on her claim of unlawful discriminatory employment practices against the defendant, as directed by the above NOTE.**

**If, in Part I, you found for the defendant, skip Part II and report your findings to the Court.**

> **(A)** Having answered all the foregoing questions in favor of the plaintiff Joaquina Velez, the jury further finds that plaintiff is entitled to an award of compensatory economic damages (*e.g.*, back pay; medical coverage; pension fund) in the amount of:

$ _____

> **(B)** Having answered all the foregoing questions in favor of the plaintiff Joaquina Velez, the jury further finds that plaintiff is entitled to an award of compensatory non-economic damages (*i.e.*, emotional pain and suffering, inconvenience, mental anguish, loss of enjoyment of life and other similar intangible losses) in the amount of:

$ _____

> **NOTE: Damages under sub-parts A and B of Part II may not exceed a total of $300,000.00.**

## <u>CERTIFICATION</u>

I hereby certify that on May 11, 2015, a copy of the foregoing Plaintiff's Trial Memorandum, including the Proposed Voir Dire Questions, Proposed Jury Instructions and Verdict Forms was filed electronically. Notice of this filing was sent by e-mail to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.


*/s/  Josephine S. Miller*_____
Josephine S. Miller