UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| JOAQUINA VELEZ<br><br>           Plaintiff,<br>v.<br><br>CAPITOL TRANSPORTATION<br><br>           Defendant. | 3:13 - CV - 01021 (CSH)<br><br>May 26, 2015 |

**RULING AND ORDER**

**HAIGHT,** Senior District Judge:

Plaintiff, Joaquine Velez, represented by counsel, Josephine S. Miller, Esquire, and Defendant, Capitol Transportation, represented by counsel Margaret Fogerty Rattigan, Esquire, have failed to comply with two court orders directing submission of the joint trial memorandum. Docs. [10] and [13]. Defendant has filed certain objections to Plaintiff's recent filings pertaining to the submission of the joint trial memorandum. This Ruling and Order adjudicates those objections and directs the parties, yet again, to file the joint trial memorandum.

**I**

The facts giving rise to this, the *third* order directing the parties to file the joint trial memorandum, are as follows. The Court entered a Scheduling Order on September 24, 2013. Doc. [10]. The Scheduling Order set deadlines for, *inter alia*: the exchange of initial disclosures; the completion of depositions, including the depositions of expert witnesses; the designation of trial experts; the disclosure of damages analyses; the filing of dispositive motions; and the filing of the joint trial memorandum. In that latter regard, the Court stated that the parties must submit the "joint

trial memorandum by January 2, 2015, or within forty-five (45) days after the Court issues its last ruling on a dispositive motion, whichever is later." Doc. [10]. As no dispositve motions were filed in this case, the parties were required to file the joint trial memorandum not later than January 2, 2015.

That deadline came and went. Accordingly, on April 21, 2015, the Court directed the parties "to file the joint trial memorandum on or before May 1, 2015, unless closing papers are filed, and the case discontinued before that date." Doc. [13]. That Order inspired a series of submissions from the parties, but, unaccountably, did not result in the filing of a joint trial memorandum.

On May 8, seven days past the latest court-imposed deadline, Plaintiff filed a self-styled "Statement of Intention," explaining, through counsel, that she "failed to note the passage of the May 1 deadline," stating that "[i]nquiry has been made of defense counsel in this matter," and requesting an extension of time until May 11 to file the joint trial memorandum. Doc. [14]. Also on that day, Defendant filed an "Objection" to Plaintiff's request for an extension of time, stating that "[s]uch untimely request would be in contradiction of this Court's order dated April 21, 2015 that the Plaintiff file[] its joint trial memorandum (which was actually due in January 2015) on or before May 1, 2015." Doc. [15] at 1.

On May 11, Plaintiff filed a document called "Plaintiff's Trial Memorandum," explaining that "Defendant . . . objects to this filing and thus has not participated in the drafting of this trial memorandum." Doc. [16]. On May 12, Defendant filed an "Objection to Plaintiff's Trial Memorandum," objecting to Plaintiff's trial memorandum on the ground that it "has not participated in the drafting of [Plaintiff's] trial memorandum," and further objecting to Plaintiff's "representation" that "'Defendant' . . . objects'" to the filing of a joint trial memorandum. Doc. [17] at 1 (quoting

2

"Plaintiff's Trial Memorandum," doc. [16]). Defendant explains that its May 8 Objection was intended only as an objection to Plaintiff's request for an extension of time to file the joint trial memorandum; not as an objection to the filing of a joint trial memorandum, *per se*. Doc. [17] at 1.

The parties' recent submissions reveal a misapprehension of the Court's April 21 Order directing the filing of the joint trial memorandum. Contrary to the characterization of that Order described in Defendant's May 8 Objection, the Court did not merely direct "Plaintiff [to] file[] its joint trial memorandum," doc. [15] at 1; rather, the Court ordered "the *parties* to file the joint trial memorandum." Doc. [13] (emphasis added). The cooperation and participation of both parties is what makes the joint trial memorandum a *joint* effort. That is why we call it a joint trial memorandum. Defendant's May 8 Objection, contrary to the deadlines imposed by the Court on each party, casts the filing of the joint trial memorandum as a responsibility that only Plaintiff bears, and does not acknowledge Defendant's parallel obligation to comply with court-imposed scheduling orders.

Because the preparation of the joint trial memorandum requires the participation of both parties, we do not know what to make of Plaintiff's self-styled "Trial Memorandum." Doc. [16]. That submission contains no input from opposing counsel and consequently renders no assistance to the Court. It will be rejected.

Rule 16(f) authorizes the Court to impose sanctions, including those prescribed in Rule 37(b)(2)(A)(ii)-(vii), if a party fails to obey a scheduling order. Fed. R. Civ. P. 16(f). Sanctions under that latter provision include, *inter alia*, striking the pleadings, dismissing the action, and rendering a default judgment against the disobedient party. Fed. R. Civ. P. Rule 37(b)(2)(A). The parties are hereby put on notice that further failure to comply with court-imposed scheduling orders

3

may result in the imposition of appropriate sanctions.

## II

Defendant informs the Court in its May 8 and May 12 Objections that Plaintiff has not served Defendant with a damages analysis.  Doc. [15] at 2; Doc. [17] at 3.  Rule 37(b)(2)(A) authorizes sanctions where a party "fails to obey an order to provide or permit discovery, including an order under Rule 26(f) . . ."  Fed. R. Civ. P. 37(b)(2)(A).  The Court's Scheduling Order, issued following receipt of the parties' Rule 26(f) report, stated that "[a]ll damages analysis will be provided on or before . . . December 31, 2013."  Doc. [10].  That deadline past almost two and half years ago, and Plaintiff has not moved for an extension of time to serve her damages analysis.  Plaintiff's failure to disclose a damages analysis has prejudiced Defendant by preventing it from preparing a defense to Plaintiff's claims.  *Murray v. Mitsubishi Motors of N. Am., Inc.*, No. 3:08cv1729 (RNC), 2010 WL 3271506, at *1 (D. Conn. Aug. 16, 2010) *aff'd*, 462 F. App'x 88 (2d Cir. 2012).  The Court will give Plaintiff another opportunity to provide Defendant with a damages analysis; however, the Court advises Plaintiff that failure to disclose timely a damages analysis within the time-frame specified *infra* may result in sanctions under Rule 37(b)(2)(A), including dismissal of Plaintiff's claims.

## III

Based on the foregoing, the Court makes the following Ruling and Order:

1. Defendant's May 8 Objection (Doc. #15) to Plaintiff's request for an extension of time to file the joint trial memorandum is OVERRULED.  Defendant's May 12 Objection (Doc. #17) to Plaintiff's trial memorandum is SUSTAINED.  Accordingly, Plaintiff's trial memorandum (Doc. #16) is REJECTED.

2. Plaintiff shall serve Defendant with a damages analysis not later than **June 12, 2015**.

Failure to serve timely a damages analysis may result in sanctions, including dismissal of the action.

     3.  The parties shall file a joint trial memorandum on or before **June 19, 2015**.  Failure to file timely a joint trial memorandum, may result in sanctions, including the entry of a default judgment against the disobedient party.

It is SO ORDERED.

Dated:   New Haven, Connecticut
           May 26, 2015

                                      */s/ Charles S. Haight, Jr.*
                                      CHARLES S. HAIGHT, JR.
                                      Senior United States District Judge